IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE EDWARD CHOICE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION No. H-17-1432 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 habeas petition challenging his conviction and twenty-one-year sentence for aggravated sexual assault of a child under fourteen years of age, his stepdaughter. Respondent filed a motion for summary judgment (Docket Entry No. 11), to which petitioner filed objections and a response (Docket Entries No. 20, 23).

Having reviewed the motion, the objections and response, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and **DISMISSES** this lawsuit for the reasons that follow.

**I. BACKGROUND AND CLAIMS**

A jury found petitioner guilty of aggravated sexual assault of a child in Harris County, Texas, on March 23, 2012, and assessed punishment at twenty-one years' incarceration. The conviction was affirmed on appeal on April 30, 2013, *Choice v. State*, No. 01-12-00321-CR,

2013 WL 1805443 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review on June 26, 2013.

Petitioner's first application for state habeas relief was dismissed, as direct appeal remained pending. His second application for state habeas relief, filed with the trial court on or about March 7, 2014, was denied by the Texas Court of Criminal Appeals on March 4, 2015. Petitioner's third application for state habeas relief, filed with the trial court on or about September 15, 2016, was dismissed by the Texas Court of Criminal Appeals on January 11, 2017, as an abuse of the writ.

Petitioner filed the instant federal habeas petition on or about May 3, 2017, raising the following claims for relief:

1. He is actually innocent, and there is insufficient evidence supporting his conviction.

2. The judgment is void because the State lacked subject matter jurisdiction.

3. His confession was obtained in violation of *Miranda*.

4. A police detective committed perjury.

5. Trial counsel was ineffective for failing to raise a defense.

6. The State elicited perjured testimony.

7. Appellate counsel was ineffective for refusing to obtain prior trial transcripts.

8. His conviction violates the Double Jeopardy Clause because he was acquitted of the charges in an earlier trial.

2

9. The venire panel was shuffled outside his presence.

10. The prosecution denied him his due process rights.

11. The State erred and violated a hearsay statute by using prohibited information.

Respondent argues that these claims should be dismissed as barred by the applicable AEDPA one-year statute of limitations.

## II. STATUTE OF LIMITATIONS

This petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)–(2).

The Texas Court of Criminal Appeals refused discretionary review on June 26, 2013, and he did not seek a writ of certiorari. For purposes of the AEDPA statute of limitations, petitioner's conviction became final ninety days later, on September 24, 2013. *See Jimenez v. Quarterman*, 555 U.S. 113, 686 (2009). Limitations expired one year later on September 24, 2014, absent statutory or equitable tolling.

Petitioner's first application for state habeas relief, filed during pendency of his appeal, had no statutory tolling effect. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004) (holding that inmate is not entitled to tolling of AEDPA statute of limitations for state habeas application dismissed because mandate had not yet issued). Petitioner's second application for state habeas relief was pending in the state courts for 363 days, which extended his deadline to September 22, 2015. Petitioner's third application for state habeas relief, filed with the state trial court after expiration of limitations, provided petitioner no tolling benefit. Consequently, the instant federal habeas petition is untimely by over one and one-half years.

Petitioner filed a response (Docket Entry No. 20) and objections (Docket Entry No. 23) to the motion for summary judgment, but addressed only the merits of his habeas claims.

4

He presents no arguments or probative summary judgment evidence establishing the timeliness of this petition. To any extent he is attempting to circumvent limitations by raising a claim for actual innocence, he fails. Actual innocence, if proven, "serves as a gateway through which the petitioner may pass whether the impediment is a procedural bar ... or, as in this case, expiration of the statute of limitations." *McQuiggen v. Perkins*, 569 U.S. 383, 386 (2013). Tenable actual innocence gateway claims are rare; a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of new evidence, no reasonable juror would have found him guilty beyond a reasonable doubt. *Id.* See also *Schlup v. Delo*, 513 U.S. 298, 329 (1995) (holding that claim of actual innocence requires petitioner to support allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial).

Petitioner does not meet these threshold requirements. Petitioner claims that he is "actually innocent" of the offense in this case because the jury "acquitted" him of sexually assaulting the complainant in an earlier trial. Petitioner states that he was charged with sexually assaulting two of his stepdaughters – the complainant and the complainant's sister – and that the cases were tried separately. He was tried first for sexual assault of the sister, and found not guilty. According to petitioner, the complainant testified at the sister's trial as to her own sexual assaults by petitioner. Petitioner contends that, because the jury heard the complainant's testimony at the earlier trial but found him not guilty of sexually assaulting

the sister, the jury's "not guilty" verdict acquitted him of sexually assaulting the complainant. Petitioner's argument has no basis in the law. These were two separate trials with two different complainants. The jury in the sister's case was not asked to determine whether petitioner had sexually assaulted the complainant. The jury's "not guilty" verdict in the sister's case did not acquit petitioner of sexually assaulting the complainant. Consequently, the jury's verdict in the earlier trial does not constitute new or reliable evidence of petitioner's actual innocence in the instant case.

Petitioner presents no arguments for statutory or equitable tolling, and none appear in the record. Petitioner's habeas claims are barred by the one-year AEDPA statute of limitations, and respondent is entitled to summary judgment dismissal of this lawsuit.

### III. CONCLUSION

Respondent's motion for summary judgment (Docket Entry No. 11) is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** as barred by limitations. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the /2*th* day of February, 2018.

                                          KEITH P. ELLISON
                                          UNITED STATES DISTRICT JUDGE